**Ex parte Youell Lee SWINNEY.**

**No. 47179.**

Court of Criminal Appeals of Texas.

Sept. 25, 1973.

Jack Carter, Texarkana, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is a habeas corpus proceeding under Article 11.07, Vernon's Ann.C.C.P., in which the petitioner seeks his release from the Texas Department of Corrections. Petitioner was convicted in the District Court of Bowie County, Texas, in 1947, for the offense of felony theft; punishment was enhanced under Article 63, Vernon's Ann. P.C., and petitioner was assessed a mandatory life sentence.

■ We see no point in reciting the extensive chronological history of this cause in reference to the various hearings and findings by lower courts.[1] The issue to be resolved by this Court is a determination as to whether or not a conviction used for enhancement purposes was void since petitioner was not represented by counsel. Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). A 1941 conviction from Miller County, Arkansas and a 1944 conviction from Texas were used at the 1947 primary trial to enhance punishment. The 1941 conviction is the one which petitioner now challenges.

This Court, on March 19, 1973, ordered an additional evidentiary hearing. The record of that hearing is now before this Court, and we have examined all the documents in this cause. The question of the validity of the 1941 conviction is not easily resolved; both the petitioner and the State have shown some circumstantial evidence to support their position. But neither side has produced any conclusive evidence. We must make our decision on the basis of the following facts:

*Facts Supporting the State's Position*

1. The State points out that petitioner's first inquiry into the validity of the enhanced 1947 conviction he is now serving

---

1. We are not bound by the findings of the trial court in a habeas corpus proceeding.

Ex parte Marez, 464 S.W.2d 866 (Tex.Cr.App. 1971).

was apparently made in 1967, in the form of a letter he wrote to the clerk of the Arkansas court in which he was convicted in 1941. Petitioner wished to determine what that court's records reflected as to whether or not he was represented by counsel in 1941. As stated in Ex parte Young, 479 S.W.2d 45 (Tex.Cr.App.1972), in some instances (other than denial of counsel) a petitioner's delay in seeking relief by way of habeas corpus can prejudice the credibility of his claim.

2. The State's strongest evidence lies in the fact that the judgment and sentence for the 1941 conviction state: " . . . and comes the defendant hereto in proper person and by attorney. . . ."

3. The State introduced a 1944 judgment and sentence from Miller County, Arkansas, for illustrative purposes only. In this unrelated cause, not involving the present petitioner, and where there was no attorney, the recitation in the records was:

"On this day comes the State of Arkansas by its attorney, L——— B———, and comes the defendant hereto *in proper person and in custody of the sheriff.* . . ." (Emphasis added)

It is the State's contention that had not the present petitioner had counsel, the wording in his judgment and sentence would have been as stated above.

4. In 1972, a lower court of this State reviewed petitioner's contention and found that he *did* have counsel in 1941, an attorney named W. A. Pace.

*Facts Supporting Petitioner's Contention*

■ 1. The judgment and sentence from the 1941 conviction are silent as to named counsel. Of course, this alone is insufficient to support the petitioner's allegation. Mitchell v. State, 494 S.W.2d 865, Tex.Cr.App. (1973).

2. The chief deputy circuit clerk of Miller County, Arkansas, testified that the practice of that county was *not* to use form judgments and sentences; instead, these documents are typed up from the trial judge's docket sheet. We have the

judge's docket sheet from the 1941 trial before us. It reads simply, "2/11/41—Plea of guilty—Three years—Sentenced." No mention is made of counsel. The space for naming counsel is blank.

The witness further testified that these would be the entire notations made by the judge on his docket sheet. She stated she had searched the records and could find no other relevant notations or records.

3. Petitioner testified that he had no attorney, was not advised of his right to an attorney, and that he was indigent at the time. (It appears that the State has not challenged the claim of indigency.)

4. As for the 1972 lower court's finding that "W. A. Pace" was petitioner's counsel in 1941, we find such a conclusion to be erroneous. That court concluded:

" . . . the Court now finds that Petitioner Youell Lee Swinney was represented by an attorney by the name of W. A. Pace of the law firm of Haynie and Pace, both attorneys being attorneys at the Bar of Miller County, Arkansas. The court further finds that these attorneys had represented Mr. Swinney and his family on other matters. This conclusion is based upon the testimony of Mr. Tilman Johnson who at the time was Chief Deputy Sheriff of Miller County, Arkansas."

■ The record does not support this conclusion. Johnson's testimony on this issue was that Pace represented petitioner at the *primary trial*, in 1947. In fact, at the last evidentiary hearing which this Court ordered, Johnson testified that, as for the 1941 trial, "I can't say that the man was represented by an attorney."

5. As stated before, in 1967 petitioner wrote the clerk's office in Miller County, Arkansas. That letter is included in the record before this Court. Below petitioner's handwritten inquiry appears the following:

"I'm sorry but we don't have any record of you being represented by an attorney.

We have checked all records of your case.

———————— [Clerk's name appears].

BY———————— [Deputy Clerk]"

*Conclusion*

 We cannot agree with the trial court that the writ should be denied. This decision is not hastily reached—the question is obviously a close one. However, we feel that petitioner has sufficiently sustained his burden in attacking the 1941 conviction.

Having so concluded, the maximum possible punishment now becomes 10 years' confinement. Article 62, V.A.P.C.; Article 1421, V.A.P.C.; Smith v. State, 486 S. W.2d 374 (Tex.Cr.App.1972). Petitioner has been incarcerated on this charge since 1947. He has clearly served in excess of this maximum. Therefore, his immediate release from the Texas Department of Corrections is in order.

The writ is granted and petitioner's release ordered.