Leslie David **CHANCY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 60266.

Court of Criminal Appeals of Texas, Panel No. Two.

April 22, 1981.

Maurice U. Westerfeld, Houston, for appellant.

Carol S. Vance, Dist. Atty., W. Scott Carpenter and Larry Knapp, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and TOM G. DAVIS and CLINTON, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for burglary of a habitation. A prior felony conviction of burglary was alleged and proven for enhancement of punishment, and the jury assessed punishment at twenty (20) years' imprisonment.

On appeal appellant first contends he was not represented by counsel at the 1966 revocation of probation hearing in Ector County which resulted in the final burglary conviction alleged for the purpose of enhancement of punishment, and that such conviction was void and unavailable for enhancement of punishment.[1]

■ At the penalty stage of the instant trial, the State introduced the pen packet and other instruments concerning the prior conviction and called an expert fingerprint witness to identify known prints of the

appellant as being the same as the prints in the pen packet. The judgment of the Ector County burglary conviction granting probation reflected that appellant was personally present and with counsel (although unnamed)[2] at the time of his guilty plea before the court on January 26, 1966. The order revoking probation reflects the court took such action on April 25, 1969, after a hearing that day. The order makes no mention of counsel, but the sentence entered on the same date reflects that at such time the appellant was present with counsel.

Appellant took the witness stand and testified that at the time of his guilty plea in Ector County, and at the time of the revocation of probation, he was without counsel. He did not, however, testify that he was indigent or had not waived counsel. The appellant did not offer any other evidence and makes no claim he was without counsel at sentencing. In his ground of error he advances the lack of counsel at the revocation hearing.

■ Appellant has the burden to show that he was indigent and did not voluntarily waive his right to counsel. *Boss v. State*, 489 S.W.2d 580 (Tex.Cr.App.1972); *Taylor v. State*, 470 S.W.2d 663 (Tex.Cr.App.1971); *Bray v. State*, 531 S.W.2d 633 (Tex.Cr.App. 1976). The presumption of regularity prevails. The judgment shows he had counsel at the time of his guilty plea, and the sentence entered on the same day as the order of revocation reflects he had counsel. Under such circumstances, appellant's testimony alone that he was without counsel at the revocation hearing cannot overcome the said presumption. See and cf. *Castaneda v. State*, 491 S.W.2d 885 (Tex.Cr.App.1973); *Tinsley v. State*, 461 S.W.2d 605 (Tex.Cr.

1. Deprivation of the right to counsel in a revocation of probation proceeding in a felony prosecution precludes use of the resulting final conviction for enhancement of punishment in a subsequent prosecution. *Ex parte Herrera*, 493 S.W.2d 809 (Tex.Cr.App.1973). See also *Ex parte Byrd*, 465 S.W.2d 948 (Tex.Cr.App.1971); *Ex parte Langston*, 511 S.W.2d 936 (Tex.Cr. App.1974); *Ex parte Guzman*, 551 S.W.2d 387 (Tex.Cr.App.1977); *Henderson v. State*, 552

S.W.2d 464 (Tex.Cr.App.1977); *Bray v. State*, 531 S.W.2d 633 (Tex.Cr.App.1976).

2. The fact that a judgment and a sentence are silent as to named counsel alone is insufficient to support an allegation that a defendant was without counsel at the proper times. *Ex parte Swinney*, 499 S.W.2d 101, 103 (Tex.Cr.App. 1973).

App.1970); *Gutierrez v. State*, 456 S.W.2d 84 (Tex.Cr.App.1970).

Appellant also complains of the introduction of a prior misdemeanor conviction at the penalty stage of the trial. He argues that a misdemeanor conviction cannot be used to enhance the punishment for a felony such as the first-degree felony here alleged, citing V.T.C.A., Penal Code, § 12.42. We agree.

The misdemeanor conviction was not alleged in the indictment for enhancement of punishment. It was admissible, however, under the provisions of Article 37.07, § 3(a), V.A.C.C.P., as part of appellant's "prior criminal record." "The term prior criminal record means a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged." § 3(a), supra. The misdemeanor conviction was clearly admissible as conviction in a court of record and could have been considered by the jury in assessing punishment within the range of punishment permitted by law where the primary offense is a first-degree felony and the State seeks to enhance the punishment by allegation and proof of a prior felony conviction. V.T.C.A., Penal Code, § 12.42(c).

Appellant's contention is overruled.

The judgment is affirmed.