IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-512-CR




ANTONIO CANO LAGUNA, a/k/a PABLO GARCIA PEREZ,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT,



NO. 92-350-K368, HONORABLE BURT CARNES, JUDGE PRESIDING


 




PER CURIAM

 Appellant pleaded guilty before a jury to the offense of burglary of a habitation. 
Tex. Penal Code Ann. § 30.02 (West 1989). Appellant also pleaded true to a previous burglary
conviction alleged for enhancement, and the jury assessed punishment at imprisonment for seventy
years.

 In point of error one, appellant contends the district court erred by admitting
evidence of appellant's previous conviction for criminal trespass. Appellant first argues that the
conviction was not admissible because trespass is not a misdemeanor involving moral turpitude. 
Appellant's argument confuses impeachment under Rule 609(a) with proof of the defendant's
criminal record under article 37.07, § 3(a). Tex. R. Crim. Evid. 609(a); Tex. Code Crim. Proc.
Ann. art. 37.07, § 3(a) (West Supp. 1993). A misdemeanor conviction for criminal trespass is
admissible at the punishment stage as part of the defendant's prior criminal record. Chancy v.
State, 614 S.W.2d 446, 448 (Tex. Crim. App. 1981).

 Appellant also argues under this point of error that the prosecutor was erroneously
permitted to adduce details of this previous offense. This contention was not preserved for
review, as it was not made to the trial court. Tex. R. Crim. Evid. 103(a)(1); Tex. R. App. P.
52(a). Moreover, the only arguably inadmissible detail that was admitted was that appellant and
some friends had slept in a warehouse by the railroad tracks. Under the circumstances, the
admission of this evidence was harmless beyond a reasonable doubt. Tex. R. App. P. 81(b)(2). 
The first point of error is overruled.

 In his second point of error, appellant complains that the court refused to admit
mitigating testimony from defense witness Belinda Rodriguez. At the time of trial, appellant had
been living with Rodriguez and her children for three years. During his own testimony, appellant
stated that he loved Rodriguez and her children and hoped to marry her, that he helped support
Rodriguez and never took money from her, and that he committed the instant offense after he lost
his job and could not pay the rent. Rodriguez testified that she loved appellant, that appellant
supported her financially, and that she, appellant, and the children interacted as a family. On
objection by the State, however, Rodriguez was not permitted to testify to specific instances of
such interaction, such as going to movies and on picnics. See Tex. R. Crim. Evid. 405.

 Appellant's argument under this point of error is premised on the contention that
the court refused to permit Rodriguez to testify that appellant provided financial assistance to her
and helped her care for her children. As can be seen from the summary of the testimony in the
previous paragraph, this contention is not accurate. Both appellant and Rodriguez testified to
appellant's financial and familial support. Although the court sustained the State's objection to
testimony concerning other specific acts of good conduct, the court ruled that appellant could ask
"any questions you want to ask about paying the bills" because that subject had already been
discussed without objection. Point of error two is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Jones and Kidd

Affirmed

Filed: September 15, 1993

Do Not Publish