In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00060-CR

                                                ______________________________

 

 

                                ROBERT HUGH MCCARTY,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the Sixth
Judicial District Court

                                                             Lamar County, Texas

                                                            Trial
Court No. 23969

 

                                                          
                                        

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








            MEMORANDUM OPINION

 

            In his most
recent trouble with the criminal law, after Robert Hugh McCarty pled guilty to
a charge of driving while intoxicated (DWI) and true to two prior DWIs, McCarty
was convicted of DWI—as a third DWI offense, making the offense a third-degree
felony.  See Tex. Penal Code Ann.
§§ 49.04 (basic DWI), 49.09(b)(2) (West 2011) (two prior DWIs makes DWI
third-degree felony).[1]

            On appeal,
McCarty argues that the evidence was legally insufficient to support his
conviction because the two prior DWI convictions were void and thus not
available to enhance his offense to a third-degree felony.  He claims that the prior DWIs were void
because he was indigent and was not represented by counsel during their
adjudication.  McCarty’s claim on appeal
amounts to a collateral attack on the two prior DWI convictions.  We affirm the trial court’s judgment because
McCarty has not demonstrated from this record that the prior DWI convictions
are void.

            A collateral
attack on a prior judgment is permitted only if the prior judgment is void.  Rhodes
v. State, 240 S.W.3d 882, 887 (Tex. Crim. App. 2007).  “We have long held that a defect that renders
a sentence void may be raised at any time.” 
Ex parte Rich, 194 S.W.3d 508,
511 (Tex. Crim. App. 2006); Ex parte
Black, 922 S.W.2d 181, 182 (Tex. Crim. App. 1996).[2]  It is true that a criminal judgment is void if
that judgment is rendered in a proceeding in which an indigent defendant is
required to face trial without appointed counsel, unless he or she waived the
right to counsel.  Nix v. State, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001).

            When prior
convictions are collaterally attacked, the judgments reflecting those
convictions are presumed to be regular and the accused bears the burden of
defeating that presumption.  Swanson v. State, 722 S.W.2d 158, 164
(Tex. App.—Houston [14th Dist.] 1986, pet. ref’d).  Bald assertions by a defendant that he was
without the assistance of counsel at his prior convictions are not sufficient
to overcome the presumption of regularity of the judgments.  Id.
(citing Disheroon v. State, 687
S.W.2d 332, 334 (Tex. Crim. App. 1985)). 
The fact that a judgment is silent as to the name of defense counsel
alone is insufficient to overcome the presumption of regularity of the records
before the court.  Chancy v. State, 614 S.W.2d 446, 447 (Tex. Crim. App. [Panel Op.] 1981);
Ex parte Swinney, 499 S.W.2d 101, 103
(Tex. Crim. App. 1973).

            McCarty’s
two prior DWI convictions were introduced as exhibits for the trial court.  McCarty, who was found to be indigent in this
case, first argues that he was “clearly indigent” in 1987 and 2007 when the two
prior convictions were adjudicated.  In
support, he cites to his sister’s testimony that he lost a job at Campbell Soup
as a result of an arson conviction in 1984. 
In March 2011, McCarty testified that he received a disability check in
the amount of $673.00 per month for the past six years.  The assumption McCarty asks this Court to
draw is that the disability checks were McCarty’s sole source of income after
1984.

            McCarty’s
sister also testified, however, that McCarty “did odd jobs” and “did work for
the lawn services and different people” in the recent past.  This was confirmed by McCarty, who stated
that he was employed in “professional yard work, landscaping, mowing yards and
stuff” for the past eight years.

[F]or a judgment to be void, the record must
leave no question about the existence of the fundamental defect.  If the record is incomplete, and the missing
portion could conceivably show that the defect does not in fact exist, then the
judgment is not void, even though the available portions of the record tend to
support the existence of the defect.

 

Nix, 65 S.W.3d at
668–69.  The evidence presented by this
record fails to establish that McCarty was indigent during 1987 and 2007.

            Also, we do
not find that McCarty was without counsel when he pled guilty to the two prior
DWI convictions.  The 2007 DWI conviction
stated on the judgment that McCarty appeared “in person, (and by attorney),”
and pled guilty to the offense.  The 1987
DWI conviction also indicated McCarty had counsel.  This judgment stated that “the Defendant then
and there in open court, and in writing, requested permission to waive a trial
by jury and to be tried before the Court, to which counsel for both the State
of Texas and Defendant added their written consent and approval.” 

            Where there
is a claim that an indigent person was denied counsel, or that a waiver of
counsel was involuntary, the record must demonstrate the truth of the
claim.  Nothing in the prior DWI judgments
establishes that McCarty was not represented by counsel; in fact, they suggest
the opposite.  The fact that McCarty’s
counsel was not identified by name is insufficient to overcome the presumption
of validity.  See Chancy, 614 S.W.2d at 447; Swanson,
772 S.W.2d at 164 (appellant fails to meet his burden when his “testimony that
he was not represented by counsel at the time he pled guilty in the prior
felony case is uncorroborated by any evidence in the record”).

            Based on the
record before us, McCarty has not overcome the presumption of regularity of the
prior DWI convictions.  Chancy, 614 S.W.2d at 447; Swanson, 722 S.W.2d at 164.  Therefore, the evidence was legally
sufficient to sustain the trial court’s judgment in this case.

            We affirm
the trial court’s judgment.

 

 

 

 

                                                                        Josh
R. Morriss, III

                                                                        Chief
Justice

 

Date Submitted:          September
20, 2011    

Date Decided:             September
21, 2011

 

Do Not Publish

 

 

 











[1]Additionally,
based on McCarty’s plea of true to a sentence-enhancement of arson, he was
sentenced to seven years’ imprisonment.  See Tex.
Penal Code Ann. §§ 12.42(a)(3) (enhancing third-degree felony, with one
prior enhancement offense, to a second-degree-felony punishment range), 12.33
(West 2011) (incarceration range for second-degree felony, two years to twenty
years).

 





[2]An
appellant does not forfeit this claim by pleading true to enhancement
paragraphs.  Rich, 194 S.W.3d at 513.