

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-17-00189-CR

_____

JAMES ARTHUR BAXLEY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 1725860

Before Morriss, C.J., Moseley and Burgess, JJ.
Opinion by Justice Burgess

# O P I N I O N

James Arthur Baxley appeals his conviction for driving while intoxicated (DWI), third offense.[1] Baxley argues that, because the judgment of conviction for one of the predicate DWI convictions in this case fails to identify defense counsel and fails to allocate an attorney's fee for appointed counsel, it establishes that he was not represented by counsel. Baxley reasons that, because he was convicted of the predicate DWI offense without the assistance of counsel, the predicate DWI is void, citing *Gideon v. Wainwright*, 372 U.S. 335 (1963). Baxley concludes that, because the predicate DWI conviction is void, the evidence is insufficient to support his conviction for DWI, third offense, in this case, citing *Burgett v. Texas*, 389 U.S. 109 (1967). We overrule this point of error and affirm the trial court's judgment.[2]

## I.     Is the Hunt County Judgment Void?

In *Gideon*, the United States Supreme Court held that the Sixth Amendment's right to counsel is a fundamental right guaranteed to defendants in state court via the Due Process Clause of the Fourteenth Amendment. *Gideon*, 372 U.S. at 342. Therefore, a criminal defendant who is unable to afford counsel in a felony case is entitled to appointment of counsel at the State's expense. *Id*.[3] The Supreme Court expanded that right to include appointment of counsel in "any

---

[1]*See* TEX. PENAL CODE ANN. § 49.09(b) (West Supp. 2017).

[2]Baxley pled true to one enhancement allegation and was sentenced to twelve years' confinement.

[3]*See also Burgett v. Texas*, 389 U.S. at 114 ("*Gideon v. Wainwright* established the rule that the right to counsel guaranteed by the Sixth Amendment was applicable to the States by virtue of the Fourteenth, making it unconstitutional to try a person for a felony in a state court unless he had a lawyer or had validly waived one.").

misdemeanor case 'that actually leads to imprisonment.'" *Alabama v. Shelton*, 535 U.S. 654, 661 (2002) (quoting *Argesinger v. Hamlin*, 407 U.S. 25, 33 (1972)).

In *Burgett v. Texas*, "[t]he State offered into evidence a certified copy of [a] Tennessee conviction[]. The conviction read[,] in part, 'Came the Assistant Attorney-General for the State and the Defendant in proper person and without Counsel.'" *Burgett v. Texas*, 389 U.S. at 112. The Supreme Court held, "[T]he certified records of the Tennessee conviction on their face raise a presumption that petitioner was denied his right to counsel in the Tennessee proceeding, and therefore that his conviction was void. Presuming waiver of counsel from a silent record is impermissible." *Id*. at 114–15. The Supreme Court then ruled, "To permit a conviction obtained in violation of *Gideon v. Wainwright* to be used against a person either to support guilt or enhance punishment for another offense is to erode the principle of that case." *Id.* at 115 (citing *Greer v. Beto*, 384 U.S. 269 (1966)). Consequently, under the principle established in *Burgett*, a prior conviction obtained in violation of the defendant's right to counsel is void and cannot be used for purposes of either guilt or enhancement of punishment in a subsequent case. *Id*.

In the present case, the judgment of conviction for the predicate DWI offense from Hunt County, Texas (the Hunt County judgment), states:

| | |
|---|---|
| ATTORNEY FOR THE STATE: | **JOEL LITTLEFIELD/JEFFREY E. DAILEY** |
| | **JESSSICA EDWARDS/CYNTHIA BRADDY** |
| ATTORNEY FOR THE DEFENDANT: | |

In the section entitled "COURT COSTS," the judgment states, "$383.00 & $ _____ APPOINTED ATTORNEY FEE – TS." The body of the judgment states, "On the date stated above, the above numbered and entitled cause was regularly reached and called for trial, and the

State appeared by the attorney stated above, and the Defendant and the Defendant's attorney, as stated above, were also present." On the last page of the judgment, the signature line for the Defendant's attorney is blank. Based on the Hunt County judgment, Baxley asks us to find that the conviction "on [its] face raise[s] a presumption [he] was denied his right to counsel in the [Hunt County offense] proceeding, and therefore that his conviction was void." Accordingly, we must decide whether the wording of the Hunt County judgment is equivalent to the Tennessee judgment at issue in *Burgett*.[4]

To begin with, the Hunt County judgment at issue in this case recites that "the Defendant and Defendant's attorney, as stated above, were also present." Although it does not name defense counsel, it does not contain the specific statement found in the Tennessee conviction at issue in *Burgett*: "Came the Assistant Attorney-General for the State and the Defendant in proper person *and without Counsel*." *Id*. (emphasis supplied). Accordingly, the Hunt County judgment does not establish "on its face . . . that [Baxley] was not represented by counsel in violation of the Fourteenth Amendment."

---

[4]The State argues that Baxley has waived his complaint because he did not preserve it in the trial court. Preservation of error is systemic and a first-level appellate court should ordinarily review the issue on its own motion; this review, though, must not be overly technical in its examination of whether error was preserved. *Archie v. State*, 221 S.W.3d 695, 698 (Tex. Crim. App. 2007). Generally, one must present the trial court with a timely, proper objection in order to preserve potential errors for appellate review. TEX. R. APP. P. 33.1. However,

> [t]he rules that require a timely and specific objection, motion, or complaint do not apply to two relatively small categories of errors: violations of "rights which are waivable only" and denials of "absolute systemic requirements." Such errors may be raised for the first time on appeal. . . . Examples of rights that are waivable-only include the rights to the assistance of counsel, the right to trial by jury, and a right of appointed counsel to have ten days of trial preparation which a statute specifically made waivable-only.

*Aldrich v. State*, 104 S.W.3d 890, 895 (Tex. Crim. App. 2003) (footnotes omitted). Because Baxley argues that the Hunt County judgment is void due to the denial of assistance of counsel during that proceeding, he asserts a complaint that cannot be waived by merely failing to object at trial. Accordingly, we will proceed to the merits of Baxley's argument.

4

In instances where the judgment does not show on its face that it was obtained without assistance of counsel, a different rule applies. In that instance, the attack on the prior judgment is collateral, and "the record must leave no question about the existence of the fundamental defect." *Nix v. State*, 65 S.W.3d 664, 668–69 (Tex. Crim. App. 2001). Also, the "[a]ppellant has the burden to show that he was indigent and did not voluntarily waive his right to counsel." *Chancy v. State*, 614 S.W.2d 446, 447 (Tex. Crim. App. [Panel Op.] 1981). Moreover, "[i]f the record is incomplete, and the missing portion could conceivably show that the defect does not in fact exist, then the judgment is not void, even though the available portions of the record tend to support the existence of the defect." *Nix*, 68 S.W.3d at 668–69. The appellate record in this case does not establish on its face that Baxley was indigent or that he was not represented by counsel at the time of the 2008 Hunt County conviction, and he did not establish those facts by other testimony or evidence. Accordingly, Baxley has failed to conclusively establish that the Hunt County judgment was void, and "[t]he presumption of regularity prevails." *Id*.

## II. Sufficiency of the Evidence

We turn now to Baxley's challenge to the sufficiency of the evidence. In evaluating legal sufficiency, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality op.) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd). Our rigorous legal sufficiency review focuses on the quality of the evidence presented. *Brooks*, 323 S.W.3d at 917–18 (Cochran, J., concurring). We

examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is "one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*. at 240. We defer to the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper*, 214 S.W.3d at 13 (citing *Jackson*, 443 U.S. at 318–19).

The offense of DWI is enhanced to the level of a third degree felony when it is proved that the defendant has twice before been convicted "of any other offense relating to the operating of a motor vehicle while intoxicated . . . ."[5] TEX. PENAL CODE ANN. § 49.09(b)(2). The prior intoxication-related offenses are elements of the offense of DWI. *Gibson v. State*, 995 S.W.2d 693, 696 (Tex. Crim. App. 1999). The "prior intoxication-related convictions . . . enhanc[e] the offense," not the punishment. *Id*. As elements of the offense, the prosecution must plead the prior

---

[5]A predicate offense of operating an aircraft, watercraft, or amusement ride may also be used to enhance the offense level. TEX. PENAL CODE ANN. § 49.09(b)(2).

convictions to vest the trial court with jurisdiction. *Hernandez v. State*, 18 S.W.3d 699, 701 (Tex. App.—San Antonio 2000), *aff'd*, 109 S.W.3d 491 (Tex. Crim. App. 2003). The prior convictions must be proved at the guilt/innocence phase of trial to secure a conviction. *Id.*

The State offered judgments of conviction for two prior DWI cases. Both alleged that Baxley was convicted of DWI. State's Exhibit 24 was a conviction for DWI from Delta County in cause number 2003-34, entered on July 23, 2003. State's Exhibit 25 was a conviction for DWI from Hunt County in cause number CR0801170 entered August 1, 2008. Baxley lodged no objection to the admission of either exhibit. These exhibits were sufficient evidence of Baxley's prior convictions for DWI. *See* TEX. PENAL CODE ANN. § 49.09 (West Supp. 2017); *Tutt v. State*, 940 S.W.2d 114, 123 (Tex. App.—Tyler 1996, pet. ref'd).

## III. Conclusion

For all of the foregoing reasons, we affirm the trial court's judgment and sentence.


Ralph K. Burgess
Justice


Date Submitted:     March 1, 2018
Date Decided:       April 9, 2018

Publish

7