**Robert Lee SWANSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–85–779–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 20, 1986.

Discretionary Review Refused March 18, 1987.

David R. Bires, Houston, for appellant.

John B. Holmes, Jr., William J. Delmore, III, Charles A. Rosenthal, Houston, for appellee.

Before PAUL PRESSLER, SEARS and CANNON, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a conviction for the offense of possession of less than twenty-eight grams of cocaine. Appellant was found guilty by a jury and his punishment, enhanced by two prior felony convictions, was assessed at forty years confinement in the Texas Department of Corrections. We affirm.

Appellant asserts nine points of error. In his first and second points of error Appellant contends that the evidence was in-

sufficient to support the enhancement of his sentence. He maintains that the State failed to prove that the offense alleged in the second enhancement paragraph was committed after the conviction alleged in the first paragraph became final.

The enhancement paragraphs of the indictment read as follows:

Before the commission of the offense alleged above, (hereafter styled the primary offense), on April 12, 1954, in Cause No. 71336, in the Criminal District Court No. 3 of Harris County, Texas, the Defendant was convicted of the felony of Robbery by Assault.

Before the commission of the primary offense, and after the conviction in Cause No. 71336 was final, the Defendant committed the felony offense of having been convicted of an offense against the United States of America in the United States District Court at San Antonio, Texas, and being held in the custody of a Deputy United States Marshall while being transported from court in Crittenden County, Arkansas, for lodging in the Shelby County Jail, Memphis, Tennessee, did wilfully and unlawfully escape from such custody ... and did forcibly resist, oppose, impede and interfere with said Deputy ... while he was engaged in the performance of his official duties ... and was convicted on FEBRUARY 22, 1971, in Cause No. Cr–70–290 in the United States District Court for the Western District of Tennessee, Western Division.

The second enhancement paragraph does not allege the date on which the second offense was committed. Under Article 12.-42(d) of the Texas Penal Code, the State is required to prove beyond a reasonable doubt that the second offense was committed after the conviction alleged in the first enhancement paragraph became final. *Jefferson v. State,* 611 S.W.2d 102 (Tex.Crim.App.1981). The State is not required to prove the exact date of the second offense as long as it proves that it occurred after the conviction for the first offense became final. *Hernandez v. State,* 530 S.W.2d 563 (Tex.Crim.App.1975).

At the punishment stage of the trial the State offered a federal "pen packet" containing the judgment for Cause No. Cr–70–290 which is dated February 22, 1971. The judgment reads in pertinent part:

"It is adjudged that the defendant upon his plea of guilty, has been convicted of the offense of *having been convicted of an offense against the United States of America in the United States District Court at San Antonio, Texas,* and being held in the custody of a Deputy United States Marshall while being transported ... did wilfully and unlawfully escape from such custody ... and did forcibly resist ... said Deputy...." (Emphasis added).

 Although the judgment does not state the precise date upon which the escape offense occurred, it does describe it as occurring after the Appellant was convicted of an offense in a federal court in San Antonio. The judgment for Cause No. Cr–88–12–SA, the federal conviction in San Antonio, was included in the federal pen packet introduced at the punishment phase. That judgment is dated April 1, 1969. In addition, at the guilt stage Appellant testified about his prior criminal record. He was asked to recount his prior convictions in chronological order. He stated that his first felony conviction was in April of 1954 when he was convicted on seven counts of robbery by assault. He then received a felony conviction in late 1959 or early 1960 in California for interstate transportation of a stolen automobile. He testified that his next conviction was a federal conviction in 1969 in San Antonio, Texas, for bank larceny. The State reoffered all the guilt stage testimony during the punishment phase of the trial. Therefore, this testimony may be considered in assessing punishment. *Ex parte Girnus,* 640 S.W.2d 619 (Tex.Crim.App.1982). Appellant's own testimony established that he received no other intervening federal convictions in San Antonio, Texas. This combination of evidence was sufficient to prove that the escape offense alleged in Cause No. Cr–70–290 occurred after April 1, 1969, because it

was from the incarceration for that conviction that Appellant attempted the escape. Therefore, it occurred after the conviction in Cause No. 71336 became final on April 12, 1954. Appellant's first point of error is overruled.

Appellant argues that the trial court never admitted into evidence State's Exhibit 3, the pen packet for Cause No. 71336, and therefore there was no evidence of that felony conviction as alleged in the first enhancement paragraph. The record reflects as follows:

STATE: At this time, the State of Texas reoffers all evidence adduced at the guilt-innocence stage of trial, and in addition, the State offers State's Exhibit No. 3 and State's Exhibit No. 4....

APPELLANT: I'm going to object to State's Exhibit No. 3.... That's my objection to No. 3.

COURT: Overruled.

APPELLANT: All right.

COURT: It will be admitted as to State's Exhibit No. 4.

COURT REPORTER: (Whereupon the penitentiary packet having previously been marked for identification as State's Exhibit No. 4, was admitted into evidence).

APPELLANT: We object to the admission of this document on several bases....

■ The record is confusing as to whether State's Exhibit 3 was introduced into evidence. However, even if the trial court did not formally admit State's Exhibit 3, the record shows that the parties treated it as though it was in evidence. The trial prosecutor referred to both pen packets without objection in his final argument, "[W]e offered State's Exhibit No. 3 and 4 which are the pen packets from those two confinements. State's No. 3 is the penitentiary packet from the Texas Department of Corrections where he went on the seven robberies and then to show you the cause numbers are correct that he got out and went to prison in the federal system...." Defense counsel also referred to both

State's Exhibits No. 3 and 4 during final argument: "... I'm asking you to find that the enhancement paragraphs are not true because I believe that I'm right that *this instrument is imperfect and shouldn't have been admitted in evidence* ... this is the piece of evidence you can look at yourself.... Robert Lee Swanson admitted that when he was twenty-one years of age he was convicted of seven robberies ... and *those are reflected in this particular instrument here....*" (Emphasis added).

Where an objection to an exhibit is overruled by the court and the parties thereafter treat the exhibit as having been admitted into evidence, it is *in evidence.* The lack of an express statement by the court that the exhibit is admitted does not preclude its consideration by the trier of fact. *Kissinger v. State,* 501 S.W.2d 78 (Tex. Crim.App.1973); *Biering v. State,* 263 S.W.2d 558 (Tex.Crim.App.1953); *Ketchum v. State,* 655 S.W.2d 325 (Tex.App.—Houston [14th Dist.] 1983, no pet.). We hold that the pen packet for Cause No. 71336 was in evidence before the jury. The State properly proved the allegations of the first enhancement paragraph. Appellant's second point of error is overruled.

■ Appellant's third, fourth and fifth points of error concern the seizure of cocaine. Appellant complains that although the officers had him under surveillance at his home they waited until he drove away in his truck to arrest him. He claims that they used the arrest warrant as a pretext for a general search of his vehicle in order to recover the pistol which was the basis for the warrant. However, cocaine was found on the floor of the passenger compartment of Appellant's truck at the time he was arrested pursuant to the warrant. The officers testified they saw Appellant reach down with his right hand when they approached the vehicle and were aware he might have a weapon. It is clear from the record that the facts place Appellant squarely within the parameters of *New York v. Belton,* 453 U.S. 454, 460, 101 S.Ct. 2860, 2864, 69 L.Ed. 768 (1981). The officers were justified in their search and the

trial court did not err in refusing to suppress evidence concerning the seizure of the cocaine.

■ This court has held that an outstanding arrest warrant may be executed by law enforcement officers at whatever time and place they choose. Execution of the warrant may be delayed until such time as the officers feel its execution may result in the discovery of other contraband or evidence of other crimes. *Shannon v. State*, 681 S.W.2d 142 (Tex.App.—Houston [14th Dist.] 1984, pet. ref'd, 693 S.W.2d 390, Tex.Crim.App.1985). We hold that the officers were entitled to wait until Appellant entered the truck to arrest him. Point of error four is overruled.

■ In his third point of error Appellant asserts that the trial court should have determined the legality of the seizure before introducing evidence of the search. We disagree. The trial court admitted testimony of a police officer concerning the circumstances of the arrest and incidental search in the presence of the jury and over the Appellant's objection. The jury was then excused and the issue of the legality of the arrest and search was then fully developed outside the jury's hearing. Appellant contends he was entitled to a pretrial *Jackson v. Denno* hearing on the legality of the search. However, there is no requirement that a hearing be conducted outside the presence of the jury to determine the legality of a search and seizure. *Pilcher v. State*, 503 S.W.2d 547, 550–551 (Tex.Crim.App.1974); *Beam v. State*, 500 S.W.2d 802, 805–806 (Tex.Crim.App.1973). The trial court did not err in overruling Appellant's objection. Appellant's third point of error is overruled.

■ In point of error five Appellant contends his testimony denying any knowledge of the cocaine was sufficient to raise a defensive theory under Article 38.23 of the Texas Code of Criminal Procedure. He argues that this denial of knowledge requires an inference that the police officers placed cocaine in his truck and the trial court erred in refusing to submit a 38.23 instruction to the jury on the issue of the legality of the seizure of the cocaine.

Article 38.23 requires a jury charge to be submitted only if the evidence raises a fact issue as to the legality of the arrest or search. *Marrs v. State*, 647 S.W.2d 286, 289 (Tex.Crim.App.1983). When the essential facts concerning an arrest or search are not in dispute, the legality of the police conduct is a question of law, not fact, and need not be submitted to the jury. *Campbell v. State*, 492 S.W.2d 956, 958 (Tex. Crim.App.1973). This court has reviewed the record and has discovered no evidence that the officers "planted" the cocaine. Appellant's own testimony fails to raise a fact issue on this point. In response to the question, "Are you trying to tell the jury that you believe it was Officer Williams that put the cocaine in your truck?" he responded, "I can't believe that either. I don't really think so." Then when asked "Where do you think the cocaine came from?" he answered "I have no idea." Appellant simply denied knowledge of the cocaine. The charge requiring the jury to find beyond a reasonable doubt that he knew it was in the truck sufficiently protected him. Appellant's fifth point of error is overruled.

■ In his sixth point of error Appellant asserts that the trial court erred in denying his motion for new trial because several jurors saw Appellant in handcuffs and in custody during the trial.

At the hearing on this motion two jurors testified that they had seen Appellant from the jury room window in handcuffs as he was brought across the street to the court room. Appellant correctly asserts that it is an infringement upon a defendant's constitutional right to the presumption of innocence to have him appear before the jury in handcuffs. *Coleman v. State*, 642 S.W.2d 205 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd); *Moore v. State*, 535 S.W.2d 357 (Tex.Crim.App.1976). However, in *Wright v. Texas*, 533 F.2d 185 (5th Cir.1976), the court held that it is not unreasonable for state officers to handcuff a defendant who

is being transported to and from the courtroom. The court reasoned that:

> [t]he inadvertent view by a juror of the defendant in such a situation cannot be said to be so inherently prejudicial as to be incapable of correction had the defendant made a timely objection. It must be assumed that rational jurors would understand and follow a proper instruction that handcuffing persons in custody for transportation to and from the courtroom is a reasonable precaution that in no way reflects upon the presumption of innocence or the individual propensities of any defendant.

Appellant must make an affirmative showing of prejudice due to this inadvertent glimpse in order to be entitled to reversal. *Burleson v. State*, 646 S.W.2d 646 (Tex.App.—Fort Worth 1983, no pet.). The prejudice arising from such an inadvertent glimpse of defendant may be cured by a proper instruction. *Lyons v. State*, 668 S.W.2d 767 (Tex.App.—Houston [1st Dist.] 1984, pet. ref'd). Here, both jurors testified that their verdict of guilty was based on the evidence and was unaffected by having seen Appellant in handcuffs. Appellant had already testified that he was a prisoner currently serving a seven year sentence for another crime. Further, he did not request the trial court to instruct the jurors concerning the incident. Appellant has shown no prejudice and the trial court did not abuse its discretion. Appellant's sixth point of error is overruled.

Appellant's seventh point of error is that he should have been granted a new trial because the arresting officer failed to preserve his field notes containing a list of witnesses to Appellant's arrest. Appellant contends that this failure amounts to a suppression of evidence favorable to Appellant. We disagree.

 An accused has no general right to discover evidence in the possession of the State. The decision whether to allow discovery is within the trial oourt's discretion. Article 39.14 Tex.Code Crim.Proc. Ann. (1979). The trial court is required to permit discovery only if the evidence sought is material to the accused's defense. *Turpin v. State*, 606 S.W.2d 907, 915–918 (Tex.Crim.App.1980). Appellant argues that the list was material because these bystanders *might* have observed the police planting the cocaine. However, a mere possibility that information might have been useful to the defense or might have affected the outcome of the trial does not establish "materiality" in the constitutional sense. *Young v. State*, 644 S.W.2d 18, 21 (Tex. App.—Houston [14th Dist.] 1982, pet ref'd).

Two of the arresting officers testified that they had noted the names of a few bystanders in their field notes. These persons were not interviewed by the officers, the officers did not know what they witnessed and the names were not included in the offense report. The court ordered the officers to look for the notes and report back. However, only one of the officers was subsequently called to testify and he stated that he was unable to locate his notes. The prosecutor stipulated that the other officer had also been unable to locate his field notes. Where there is no showing that the matters sought to be discovered by the accused are material, or that the items sought are in the possession of the prosecution, the defendant is not entitled to relief on appeal. *Turpin v. State*, 606 S.W.2d 907, 915 (Tex.Crim.App.1980). Appellant's seventh point of error is overruled.

 In his eighth point of error Appellant contends the trial court should have granted a Motion for New Trial because the jury arrived at his sentence by averaging their votes on the length of sentence Appellant should be required to serve.

Article 40.03(3) of the Texas Code of Criminal Procedure requires the defendant to be granted a new trial where the verdict is determined "by lot, or in any other manner than by a fair expression of opinion by the jurors." After the jury was discharged, counsel for the Appellant discovered a piece of paper in the jury room upon which the votes of each juror had been averaged. The figure arrived at was forty-

eight years and the sentence Appellant received was forty years. Before a verdict will be overturned due to jury misconduct under 40.03(3) it must be shown that the jury members agreed to be bound by the result of the averaging technique. *Martinez v. State*, 496 S.W.2d 612 (Tex.Crim. App.1973); *Brown v. State*, 475 S.W.2d 938, 958–959 (Tex.Crim.App.1971). There is no evidence of any agreement in the present case. One of the jurors testified that the average taken was used merely as a basis in arriving at a sentence. All of the jurors who testified stated that they did not agree to be bound by the result of the averaging and that it had nothing to do with the sentence reached. The motion for new trial was properly denied. Appellant's eighth point of error is overruled.

In his final point of error Appellant contends that the trial court erred in overruling his objection to the introduction of Appellant's prior felony conviction in Cause No. 71336 because Appellant testified that his counsel was not present when he entered his guilty plea in that case.

A prior felony conviction is defective if defendant was not represented by counsel and cannot be used for enhancement purposes. *Ex parte Olvera*, 489 S.W.2d 586 (Tex.Crim.App.1973). However, to bar the admission of the prior conviction on the basis that he was without assistance of counsel, a defendant has the burden of proving that he was without counsel and did not voluntarily waive the right to counsel. *Disheroon v. State*, 687 S.W.2d 332, 334 (Tex.Crim.App.1985). Bald assertions by a defendant that he was without the assistance of counsel at his prior convictions are not sufficient to overcome the presumption of regularity of the records before the court in the case. *Disheroon v. State*, 687 S.W.2d 332, 334 (Tex.Crim.App.1985); *Maddox v. State*, 591 S.W.2d 898, 903 (Tex.Crim.App.1979), *cert. denied*, 447 U.S. 909, 100 S.Ct. 2994, 64 L.Ed. 859 (1980). Appellant's testimony that he was not represented by counsel at the time he pled guilty in the prior felony case is uncorroborated by any evidence in the record. Therefore, Appellant has failed to sustain his burden of proof and the ninth point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.