NO









NO. 12-05-00184-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

PATRICK
DEON DAVIS,    §                      APPEAL FROM THE THIRD

APPELLANT

 

V.        §                      JUDICIAL  DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      ANDERSON COUNTY, TEXAS

                                                                                                                                                          


MEMORANDUM
OPINION

            Appellant
Patrick Deon Davis was tried before a jury on two counts of engaging in
organized criminal activity, as well as attempted murder, aggravated assault,
and unlawful possession of a firearm by a felon.  The multiple count indictment contained an
enhancement paragraph alleging a prior felony conviction.  Appellant was convicted by a jury on all but
the two counts of engaging in organized criminal activity.  The jury sentenced him to forty years of
imprisonment for attempted murder, thirty years for aggravated assault, and ten
years for unlawful possession of a firearm by a felon.  Appellant raises four issues on appeal.  We affirm.

 

Background

            Tim Owens went with some friends and
Demond Owens, his aunt, to Sharon Fletcher’s house because Demond thought her
baby’s father might be there.  When they
arrived, Owens got out with Demond.  A
number of men, including Appellant, encircled Owens and shot him.  A number of shotgun pellets hit Owens,
blinding him.  Ten ejected spent shell
casings, including a spent .20 gauge shotgun shell and several spent .380
shells, were found at the scene of the shooting.








            Appellant and the other men were
arrested for the shooting.  Appellant was
indicted for engaging in organized criminal activity, attempted murder,
aggravated assault, and unlawful possession of a firearm by a felon.  Appellant was not convicted for engaging in
organized criminal activity, but was convicted of all other charges.   The jury sentenced him to forty years of
imprisonment for attempted murder, thirty years for aggravated assault, and ten
years for unlawful possession of a firearm by a felon.  This appeal followed.

 

Waiver

            In
four issues on appeal, Appellant contends that (1) the trial court erred in
failing to grant his motion for mistrial before jury selection; (2) the trial
court erred in denying his motion to strike a potential juror; (3) the trial
court erred in compelling the testimony of Sharon Davis; and (4) the trial
court erred in not excluding the testimony of witnesses who violated “the Rule.”  Appellant cites no cases in support of any of
his four issues.  Instead, Appellant
merely globally refers to the entire United States Constitution, Texas
Constitution, and Texas Code of Criminal Procedure.  

            Texas
Rule of Appellate Procedure 38.1(h) states that an appellant’s brief “must
contain a clear and concise argument for the contentions made, with appropriate
citations to authorities and to the record.” 
Tex. R. App. P. 38.1(h).  Where an appellant cites the reviewing court
to no specific constitutional provision, statutory authority, or case law to
support his claims, the reviewing court generally does not address the merits
of the issues presented.  See, e.g., Rhoades
v. State, 934 S.W.2d 113, 119 (Tex. Crim. App. 1996); Vuong v.
State, 830 S.W.2d 929, 940 (Tex. Crim. App. 1992).  However, in the interest of justice, we will
address Appellant’s issues.

 

Failure to Grant Mistrial

            In
his first issue, Appellant contends that the trial court erred in failing to
grant a mistrial due to an alleged possibility that some members of the jury
panel may have seen Appellant in custody. 
Specifically, Appellant stated that, “[g]iven the time frame as when he
entered the court was still calling names . . . then one can conclude potential
jurors saw Defendant exiting a marked car and entering the courthouse.”  The brief refers to two pages of the trial
reporter’s record containing Appellant’s motion for mistrial,  Appellant’s counsel’s speculative
comment  regarding Appellant’s being
brought “escorted by two officers in view of the jury[,]” and counsel’s
argument to the trial court “that that is [tantamount] to show the jury that my
client was incarcerated and will prejudice this case.”   

            The
judge disagreed with Appellant’s counsel’s description of events and stated on
the record that Appellant was not brought into the courtroom during the seating
of the jury.  The judge stated further
that when Appellant was brought in, he was not in handcuffs or restrained.  Appellant’s counsel called the court’s
bailiff to testify on his motion for mistrial. 
The bailiff testified he was outside the courthouse smoking a cigarette
when the events complained of occurred and saw nothing.  The State called the deputy who had been
seating the jurors in the courtroom during the time in question.  She testified that only one person walked in
during the seating of the jurors, a “Mr. Elhers.”  The record does not show that “Mr. Elhers”
was a juror or why he was in the courtroom.

            Although
a handcuffed or chained defendant should not be intentionally brought into
court in the presence of the jury, it is not unreasonable for state officers to
handcuff a defendant who is being transported to and from the courtroom.  Swanson v. State, 722 S.W.2d
158, 162-63 (Tex. App.–Houston [14th Dist.] 1986, pet. ref’d).  It is extremely common for an accused to be
inadvertently seen by jurors for short periods of time while he is under
physical restraints.  Burleson v.
State, 646 S.W.2d 646, 646 (Tex. App.–Fort Worth 1983, no pet.).  A brief and fortuitous encounter of the
defendant in handcuffs by jurors is not inherently prejudicial and requires an
affirmative showing of prejudice by the defendant.  Id.; see also Swanson,
722 S.W.2d at 162-63; Garcia v. State, 634 S.W.2d 888, 893 (Tex.
App.–San Antonio 1982, no. pet.).

            In
the present case, we have reviewed the portion of the reporter’s record
pertaining to the hearing on Appellant’s motion for mistrial.  The record is devoid of any evidence that any
juror saw Appellant in handcuffs or even saw Appellant being escorted to the
courtroom.  Appellant’s counsel’s
statements in court, which were immediately rebutted by the judge and both
witnesses, provide the sole support for Appellant’s first issue.  Further, we note that in the absence of
evidence supporting the allegation, Appellant has not made the requisite
affirmative showing of prejudice. 
Appellant’s first issue is overruled.

 

 

Motion to Strike Juror

            In his second issue, Appellant contends
that the trial court erred and denied Appellant “due process by not properly
considering [his] motion to strike” a juror.

 

To preserve error on denied challenges for cause, an
appellant must demonstrate on the record that: 
1) he asserted a clear and specific challenge for cause; 2) he used a
peremptory challenge on the complained-of venireperson; 3) all his peremptory
challenges were exhausted; 4) his request for additional strikes was denied;
and 5) an objectionable juror sat on the jury. . . .  When the trial judge errs in overruling a
challenge for cause against a venireperson, the defendant is harmed if he uses
a peremptory strike to remove the veniereperson and thereafter suffers detriment
from the loss of the strike.

 

 

Feldman v.
State, 71 S.W.3d 738, 744 (Tex. Crim. App. 2002).

            We have reviewed the record and note
that Appellant failed to assert a clear and specific challenge for cause
against any potential juror.  Rather,
Appellant’s challenge to “Number 1” was that he “came back with the same answer
1 and 5.”  Appellant’s cryptic statement
does not explain the nature of the allegedly objectionable answer or why the
answer was objectionable.  Further,
although Appellant states in his brief that he used a peremptory challenge on
juror “Number 5,” the record does not support this assertion.  There is no evidence or even an allegation
that Appellant exhausted all his peremptory challenges.  Appellant did not request an additional
strike.  Finally, there is no evidence
that an objectionable juror sat on the jury. 
Consequently, Appellant failed to preserve this issue.  Appellant’s second issue is overruled.

            

Violation of Spousal Privilege

            In his third issue, Appellant argues
that the trial court erred in compelling the testimony of Sharon Davis in
violation of her spousal privilege. 
Specifically, Appellant contends that Davis’s testimony regarding her
relationship to Appellant established the existence of their informal marriage
as prescribed by Section 2.401 of the Family Code.  Therefore, he contends, the trial court erred
in compelling Davis’s testimony.

Burden of
Proof and Standard of Review

            Preliminary questions concerning
admissibility of evidence and the existence of a privilege are determined by
the trial court.  Tex. R. Evid. 104(a).  The trial court is afforded broad discretion
in the determination of such questions and will not be reversed absent an abuse
of discretion.  Kos v. State,
15 S.W.3d 633, 637 (Tex. App.–Dallas 2000, pet. ref’d).  The spouse of the accused has a privilege not
to be called as a witness for the state in a criminal trial.  Tex.
R. Evid. 504(b).  However, the
privilege does not apply to matters occurring prior to the marriage.  Tex.
R. Evid. 504(4)(B).  The person
seeking to exclude testimony under the spousal privilege has the burden to
prove the existence of an informal marriage by a preponderance of the
evidence.  Colburn v. State,
966 S.W.2d 511, 514 (Tex. Crim. App. 1998). 
When the existence of informal marriage must be addressed as a preliminary
issue, the trial court is the sole factfinder, and in that capacity, may
believe or disbelieve all or any part of any witness’s testimony.  Durand v. State, 881 S.W.2d
569, 576 (Tex. App.–Houston [1st Dist.] 1994, jdgm’t vacated on other
grounds, 958 S.W.2d 395 (Tex. Crim. App. 1996).  The evidence will be reviewed in the light
most favorable to the trial court’s ruling. 
Durand, 881 S.W.2d at 576.

Applicable
Law         

            An informal marriage may be proved
by evidence that a man and woman agreed to be married and that after the
agreement, the man and woman lived together in this state as husband and wife
and represented to others that they were married.  Tex.
Fam. Code Ann. § 2.401(a)(2) (Vernon Supp. 2005).  Texas courts will closely scrutinize a claim of
common law marriage.  Tompkins v.
State, 774 S.W.2d 195, 208 (Tex. Crim. App. 1987).  Testimony of a witness that merely
constitutes a conclusion that an informal marriage exists is not sufficient,
standing alone, to establish an informal marriage.  Id. at 209.  Moreover, before an informal marriage can be
found to exist as a matter of law, there must be evidence, inter alia,
that the parties held themselves out to the general public as husband and
wife.  Id.

Analysis








            On March 7, 2005, the trial court
held a hearing on Davis’s spousal privilege claim.  Davis testified that she had been living with
Appellant since she was in the eighth grade and that they had a thirteen year
old child.  She testified that she had
been saying they were husband and wife since she was nineteen years old.  She also testified she had ceremonially
married Appellant on February 16, 2005, nineteen days before the hearing
on her spousal privilege claim.  Davis
testified that she filed her income tax return as “single, head of household”
and that she and Appellant have never filed jointly as a married couple.  Davis also testified that when she went to
the office of Appellant’s attorney to hire him, she represented that she was
Appellant’s wife.  However, that was
after the date of the offense.  No one
else testified regarding whether Appellant and Davis had an informal
marriage.  The court noted that Davis’s
comments regarding the informal marriage were inconsistent, ruled that an
informal marriage had not been shown, and denied Appellant’s claim of spousal
privilege.  Accordingly, the court
compelled Davis to testify.  

            As previously stated, the proponent
of the spousal privilege has the burden to establish that an informal marriage
existed prior to the date of the offense. 
See Tex. R. Evid. 504(b)(4)(A).  Because no testimony or other evidence
established that Appellant and Davis had represented before the date of the
offense that they were husband and wife, the third element of an informal
marriage was not established.  See Tex. Fam. Code Ann. § 2.401(a)(2).  Therefore, the trial court did not err in
compelling Davis’s testimony.  Appellant’s
third issue is overruled.

                                                                        

Violation of the “Rule”

            In Appellant’s fourth issue, he
urges the trial court erred in not excluding the testimony of two witnesses who
violated “the Rule.”[1] 
Appellant contends that two witnesses, Tim Owens and Rhonda Owens
Majette, talked to each other after the Rule was invoked.  Appellant further contends that “the
witnesses testified adverse to Defendant [causing] harm” but does not elaborate
on the testimony or how it harmed Appellant. 


Applicable
Law

            The purpose of placing witnesses
under the Rule is to prevent the testimony of one witness from influencing the
testimony of another, consciously or not. 
Russell v. State, 155 S.W.3d 176, 179 (Tex. Crim. App.
2005).  If a witness violates the Rule
after it is invoked, the trial court may, in its discretion, either allow or
disallow the witness’s testimony.  Bell
v. State, 938 S.W.2d 35, 50 (Tex. Crim. App. 1996).  The ruling of the trial court on an objection
to a witness’s testifying when the witness has remained in the courtroom after
having been placed under the Rule may not be relied upon as a ground for
reversal unless an abuse of discretion occurs. 
Valdez v. State, 776 S.W.2d 162, 170 (Tex. Crim. App.
1989).  The ultimate test for determining
when an abuse of discretion has occurred is whether harm to the defendant has
resulted by allowing the violative testimony to be introduced.  Archer v. State, 703 S.W.2d
664, 666 (Tex. Crim. App. 1986).

            In reviewing the issue, the
appellate court must ask whether the witness who allegedly violated the Rule
was one who became necessary due to something that happened during the trial or
a witness who was sworn or listed as a trial witness and heard the testimony of
another witness prior to his own testimony. 
Guerra v. State, 771 S.W.2d 453, 474-75 (Tex. Crim. App.
1988).  If the witness falls within the
latter category, the reviewing court’s inquiry is then twofold:

 

(1)           Did the witness actually hear the testimony of another
witness?; and

 

(2)           Did the witness’s testimony contradict the testimony of a
witness he actually heard from the opposing side or corroborate the testimony
of another witness he actually heard from the same side of an issue of fact
bearing upon the issue of guilt or innocence?

 

 

Id.
at 475.  If both questions must be
answered in the affirmative, consequential injury or prejudice will flow from
the objectionable testimony.  Id.  

Analysis

            At a hearing on Appellant’s motion
to exclude the testimony of Tim Owens and Rhonda Owens Majette, both Owens and
Majette testified that they did not discuss trial testimony in the courthouse
halls after being placed under the Rule. 
Takeshia Davis, Appellant’s sister, testified that she heard Owens and
Majette discussing the testimony of Sharon Fletcher, a state’s witness, with
Owens’s cousin, Damien Owens, who had been in the courtroom when Fletcher
testified.  Appellant’s lawyer also
testified that he heard Majette and another woman discussing Fletcher’s
testimony.  The trial court called all
the witnesses into the courtroom, instructed them again about the requirements
for witnesses under the Rule, and ordered the bailiffs to separate the
witnesses on different floors of the courthouse. 

            Later in the trial, Appellant’s
counsel again moved for a mistrial or to disallow the witnesses’ testimony,
because Tim Owens, Demond Owens, and “any of the rest of them that are sitting
on the same bench” had been talking. 
Counsel also stated that someone who had been in the courtroom had come
up and had spoken with them.  However,
there was no evidence of what the person in the courtroom talked about  with them. 
The court again denied Appellant’s motion for a mistrial. 

            Tim Owens and Rhonda Owens Majette
testified they did not discuss the case. 
The trial court evidently chose to believe Owens and Majette over
Appellant’s witnesses who testified about what they thought they had
overheard.  Further, Appellant’s counsel
said the discussion between Majette and the woman from the courtroom was that a
woman at the scene had a pistol in her hand. 
At trial, Majette said the woman at the scene had a telephone in her
hand.  As there is conflicting evidence,
and what little testimony adduced at the hearing was inconsistent with Majette’s,
we cannot say that the trial court abused its discretion in allowing the
testimony of Tim Owens, the victim, and his sister, Rhonda Owens Majette.  Appellant’s fourth issue is overruled.

 

Conclusion

            Having overruled Appellant’s four
issues, we affirm the judgment of the trial court.

 

 

                                                                                        SAM GRIFFITH   

                                                                                                     Justice

 

 

Opinion delivered June 30, 2006.

Panel
consisted of Worthen, C.J. and Griffith, J.

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1] The term “the Rule” refers to Texas Rule of Evidence 614, which
provides, in part, that at the request of a party, the court shall order the
witnesses excluded so that they cannot hear the testimony of other witnesses,
and it may make the order on its own motion. 
See Tex. R. Evid. 614.