

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-11-00060-CR

_____

ROBERT HUGH MCCARTY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the Sixth Judicial District Court
Lamar County, Texas
Trial Court No. 23969

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

In his most recent trouble with the criminal law, after Robert Hugh McCarty pled guilty to a charge of driving while intoxicated (DWI) and true to two prior DWIs, McCarty was convicted of DWI—as a third DWI offense, making the offense a third-degree felony. *See* TEX. PENAL CODE ANN. §§ 49.04 (basic DWI), 49.09(b)(2) (West 2011) (two prior DWIs makes DWI third-degree felony).[1]

On appeal, McCarty argues that the evidence was legally insufficient to support his conviction because the two prior DWI convictions were void and thus not available to enhance his offense to a third-degree felony. He claims that the prior DWIs were void because he was indigent and was not represented by counsel during their adjudication. McCarty's claim on appeal amounts to a collateral attack on the two prior DWI convictions. We affirm the trial court's judgment because McCarty has not demonstrated from this record that the prior DWI convictions are void.

A collateral attack on a prior judgment is permitted only if the prior judgment is void. *Rhodes v. State*, 240 S.W.3d 882, 887 (Tex. Crim. App. 2007). "We have long held that a defect that renders a sentence void may be raised at any time." *Ex parte Rich*, 194 S.W.3d 508, 511

---

[1]Additionally, based on McCarty's plea of true to a sentence-enhancement of arson, he was sentenced to seven years' imprisonment. *See* TEX. PENAL CODE ANN. §§ 12.42(a)(3) (enhancing third-degree felony, with one prior enhancement offense, to a second-degree-felony punishment range), 12.33 (West 2011) (incarceration range for second-degree felony, two years to twenty years).

(Tex. Crim. App. 2006); *Ex parte Black*, 922 S.W.2d 181, 182 (Tex. Crim. App. 1996).[2] It is true that a criminal judgment is void if that judgment is rendered in a proceeding in which an indigent defendant is required to face trial without appointed counsel, unless he or she waived the right to counsel. *Nix v. State*, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001).

When prior convictions are collaterally attacked, the judgments reflecting those convictions are presumed to be regular and the accused bears the burden of defeating that presumption. *Swanson v. State*, 722 S.W.2d 158, 164 (Tex. App.—Houston [14th Dist.] 1986, pet. ref'd). Bald assertions by a defendant that he was without the assistance of counsel at his prior convictions are not sufficient to overcome the presumption of regularity of the judgments. *Id.* (citing *Disheroon v. State*, 687 S.W.2d 332, 334 (Tex. Crim. App. 1985)). The fact that a judgment is silent as to the name of defense counsel alone is insufficient to overcome the presumption of regularity of the records before the court. *Chancy v. State*, 614 S.W.2d 446, 447 (Tex. Crim. App. [Panel Op.] 1981); *Ex parte Swinney*, 499 S.W.2d 101, 103 (Tex. Crim. App. 1973).

McCarty's two prior DWI convictions were introduced as exhibits for the trial court. McCarty, who was found to be indigent in this case, first argues that he was "clearly indigent" in 1987 and 2007 when the two prior convictions were adjudicated. In support, he cites to his sister's testimony that he lost a job at Campbell Soup as a result of an arson conviction in 1984. In March 2011, McCarty testified that he received a disability check in the amount of $673.00 per

---

[2]An appellant does not forfeit this claim by pleading true to enhancement paragraphs. *Rich*, 194 S.W.3d at 513.

month for the past six years. The assumption McCarty asks this Court to draw is that the disability checks were McCarty's sole source of income after 1984.

McCarty's sister also testified, however, that McCarty "did odd jobs" and "did work for the lawn services and different people" in the recent past. This was confirmed by McCarty, who stated that he was employed in "professional yard work, landscaping, mowing yards and stuff" for the past eight years.

> [F]or a judgment to be void, the record must leave no question about the existence of the fundamental defect. If the record is incomplete, and the missing portion could conceivably show that the defect does not in fact exist, then the judgment is not void, even though the available portions of the record tend to support the existence of the defect.

*Nix*, 65 S.W.3d at 668–69. The evidence presented by this record fails to establish that McCarty was indigent during 1987 and 2007.

Also, we do not find that McCarty was without counsel when he pled guilty to the two prior DWI convictions. The 2007 DWI conviction stated on the judgment that McCarty appeared "in person, (and by attorney)," and pled guilty to the offense. The 1987 DWI conviction also indicated McCarty had counsel. This judgment stated that "the Defendant then and there in open court, and in writing, requested permission to waive a trial by jury and to be tried before the Court, to which counsel for both the State of Texas and Defendant added their written consent and approval."

Where there is a claim that an indigent person was denied counsel, or that a waiver of

4

counsel was involuntary, the record must demonstrate the truth of the claim. Nothing in the prior DWI judgments establishes that McCarty was not represented by counsel; in fact, they suggest the opposite. The fact that McCarty's counsel was not identified by name is insufficient to overcome the presumption of validity. *See Chancy*, 614 S.W.2d at 447; *Swanson*, 772 S.W.2d at 164 (appellant fails to meet his burden when his "testimony that he was not represented by counsel at the time he pled guilty in the prior felony case is uncorroborated by any evidence in the record").

Based on the record before us, McCarty has not overcome the presumption of regularity of the prior DWI convictions. *Chancy*, 614 S.W.2d at 447; *Swanson*, 722 S.W.2d at 164. Therefore, the evidence was legally sufficient to sustain the trial court's judgment in this case.

We affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice


Date Submitted: September 20, 2011
Date Decided: September 21, 2011

Do Not Publish

5