# NO. 12-15-00081-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOSHUA PAUL CALHOUN,* *APPELLANT* | § | *APPEAL FROM THE 173RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Joshua Paul Calhoun appeals his conviction for evading arrest with a vehicle, for which he was sentenced to imprisonment for fifteen years. In eleven issues, Appellant argues that there are errors in the charge, the judgment, and the sentence; that the State failed to prove the enhancement paragraph and various other extraneous offenses; and that the evidence is insufficient to support the verdict. We reverse as to punishment only and remand for a new punishment hearing.

### BACKGROUND

Appellant was charged by indictment with evading arrest with a vehicle. He pleaded "not guilty," and the matter proceeded to a jury trial.

At trial, the evidence showed that Appellant's employer, Brooks Atwood, reported his pickup truck stolen. The next day, an employee at a retail store contacted Atwood and told him that Appellant was in the store and Atwood's truck was in the parking lot. Atwood contacted the police, who soon located the truck traveling on the highway. Deputy Spencer Gray attempted to stop the truck, but it accelerated and eventually eluded him.

Gray found the truck abandoned in a hay meadow. The police set up a perimeter and began to search for the driver. While patrolling the area, investigator Michael Shelley saw a man sit down on the porch of a residence. Shelley pulled into the driveway, and the man ran toward the

tree line and into some heavy brush. Shelley ordered him to come out of the brush. The man came out and identified himself as Appellant.

Ultimately, the jury found Appellant "guilty" of evading arrest with a vehicle, and the trial court assessed his punishment at imprisonment for fifteen years. This appeal followed.

## VOID CONVICTION AND SENTENCE

In Appellant's first and second issues, he argues that his felony conviction and sentence are void because the charge's application paragraph authorizes conviction for only misdemeanor evading arrest.

### Analysis

Appellant was charged by indictment with the felony offense of evading arrest with a vehicle. *See* TEX. PENAL CODE ANN. § 38.04(b) (West Supp. 2016). But the application paragraph of the trial court's charge reads as follows:

> Now, if you find from the evidence beyond a reasonable doubt that on or about the 18th day of June, 2014, in Henderson County, Texas, the defendant, Joshua Paul Calhoun, did then and there, intentionally flee from Spencer Gray, a person Joshua Paul Calhoun knew was a peace officer who was attempting lawfully to arrest or detain Joshua Paul Calhoun, then you will find defendant guilty as charged in the indictment.

Thus, the application paragraph fails to mention that the jury must find a vehicle was involved in the evading.

Appellant argues that this is not charge error, but rather that the trial court instructed the jury on the lesser included misdemeanor offense of evading arrest. *See id.* He maintains that a misdemeanor charge is appropriate because Shelley testified Appellant ran from him on foot. But nothing in the record otherwise suggests that the trial court intended to instruct the jury on a misdemeanor offense. Furthermore, the application paragraph instructs the jury that upon making the specified findings, they should find Appellant guilty "as charged in the indictment." The indictment charges Appellant with a felony. Therefore, we conclude that the omission of the "vehicle" element is charge error and does not render Appellant's conviction a misdemeanor conviction. The State concedes the omission constitutes charge error.

A failure to instruct the jury on one element of an offense is subject to a harmless error analysis. *Olivas v. State*, 202 S.W.3d 137, 143 (Tex. Crim. App. 2006). Because Appellant did not object to the charge, we review the error for egregious harm. *See Almanza v. State*, 686

2

S.W.2d 157, 171 (Tex. Crim. App. 1984). In reviewing for egregious harm, we consider the entire jury charge, the state of the evidence, the contested issues, the closing arguments, and any other relevant information in the record. *Olivas*, 202 S.W.3d at 144.

A review of the record in this case shows that the jury found Appellant evaded arrest with a vehicle. The abstract portion of the jury charge provides that "a person commits the offense of evading arrest if he, while using a vehicle, intentionally flees from a person he knows is a peace officer attempting to lawfully arrest or detain him." Furthermore, the application paragraph states that the jury must find Appellant fled from Gray, not Shelley. The evidence of Appellant's fleeing from Gray pertained only to the vehicle pursuit, not the foot pursuit. Moreover, in closing arguments, the State argued that Appellant evaded arrest in a vehicle, while Appellant argued that he was not the driver of that vehicle. Finally, the jury found in a special issue on deadly weapon use that Appellant used or exhibited a vehicle during the commission of the offense. Based on all of the relevant information in the record, we conclude that Appellant did not suffer egregious harm as a result of the charge error. Accordingly, we overrule his first and second issues.

## EVIDENTIARY SUFFICIENCY

In Appellant's third issue, he argues that the State failed to prove the enhancement paragraph in the indictment. In Appellant's fourth, fifth, sixth, seventh, and eighth issues, he argues that the State failed to prove five extraneous offenses that witnesses testified about in the punishment phase. In Appellant's ninth issue, he argues that the evidence is insufficient to show he was the driver of the vehicle.

### Standard of Review and Governing Law

The *Jackson v. Virginia*[1] legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See Jackson*, 443 U.S. at 315-16, 99 S. Ct. at 2786-87; *see also Escobedo v. State*, 6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref'd).

---

[1] 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979).

The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *see also Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *Johnson*, 871 S.W.2d at 186. This requires the reviewing court to defer to the trier of fact's credibility and weight determinations, because the trier of fact is the sole judge of the witnesses' credibility and the weight to be given their testimony. *See Brooks*, 323 S.W.3d at 899; *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789. A "court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793. A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See Tibbs v. Florida*, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-18, 72 L. Ed. 2d 652 (1982).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

To prove Appellant guilty of evading arrest with a vehicle, the State was required to prove that, while using a vehicle, he intentionally fled from Gray, whom he knew was a peace officer attempting lawfully to arrest or detain him. *See* TEX. PENAL CODE ANN. § 38.04 (West Supp. 2016).

**Enhancement Paragraph**

Appellant argues that the State failed to prove the enhancement paragraph because the evidence does not sufficiently link him to the offense alleged in it. The State contends that Appellant waived his error by failing to object to the admission of the certified judgment in the case. Alternatively, the State contends that the evidence is sufficient to prove the enhancement paragraph.

A plea of "true" satisfies the state's burden of proving an enhancement allegation. *Wood v. State*, 486 S.W.3d 583, 587 (Tex. Crim. App. 2016). But there must be affirmative evidence in the record that the defendant pleaded "true." *Id.* at 587-88. Without such evidence, the record must

contain evidence sufficient to prove the allegation beyond a reasonable doubt. *Id.* at 588. To prove an enhancement allegation, the state must prove beyond a reasonable doubt that the prior conviction exists and that the defendant is linked to the conviction. *Id.* No specific manner of proof is required to establish these two elements. *Id.*

The enhancement paragraph of Appellant's indictment alleges that he was convicted of felony theft in cause number A-10,030 in Henderson County. To prove the enhancement allegation, the State offered a certified copy of an order revoking community supervision and imposition of sentence in that case. The defendant named in the order is "Joshua Paul Calhoun." The order contains the defendant's right thumbprint. The State produced no evidence linking Appellant's thumbprint to the one in the order.

After the State offered the order, along with the judgments in several other state and federal convictions, defense counsel stated, "We don't have any objection to the State's charges. We don't believe they properly proved up the federal charge." On appeal, the State argues that this position by the defense constitutes an admission to the enhancement allegation, relieving the State of its burden to prove Appellant's connection to the conviction. We have found no authority supporting the State's argument, and we disagree. A sufficiency claim need not be preserved for review at the trial level and is not waived by the failure to do so. *Mayer v. State*, 309 S.W.3d 552, 555 (Tex. Crim. App. 2010). Appellant may have waived any complaint regarding the admission of the order into evidence, but the State's burden to link Appellant to the order could not be waived by Appellant's failure to object. *See id.*; *Wood*, 486 S.W.3d at 588.

After reviewing the record, we conclude that the evidence is insufficient to link Appellant to the conviction in the enhancement paragraph. Accordingly, we sustain Appellant's third issue.

**Extraneous Offenses**

In Appellant's fourth through eighth issues, he argues that we should remand this case for a new punishment hearing because "the State failed to prove the extraneous offenses and prior convictions beyond a reasonable doubt." Because we have sustained Appellant's third issue, this case will be remanded for a new punishment hearing. Therefore, we need not address Appellant's fourth through eighth issues. *See* TEX. R. APP. P. 47.1. Accordingly, we overrule Appellant's fourth through eighth issues.

**Identity**

Appellant argues that the evidence of his identity as the vehicle's driver is insufficient because the record does not reflect whom Shelley identified in the courtroom, no witness could

5

identify Appellant as the driver during the pursuit, and the State produced no other evidence to prove he was the driver. We disagree.

Although the State did not follow the better practice of asking that the record reflect Shelley identified Appellant as the person he arrested, the record nonetheless shows that Shelley identified him as such. *See **Rohlfing v. State***, 612 S.W.2d 598, 601 n.2 (Tex. Crim. App. [Panel Op.] 1981). Appellant, representing himself, cross-examined Shelley. During this cross-examination, Appellant consistently referred to the person Shelley arrested as "Mr. Calhoun," but Shelley at times referred to the person he arrested as "you." In one such instance, Appellant asked Shelley, "So when you pulled up and identified yourself as Henderson County Sheriff's Office, how did Mr. Calhoun react?" Shelley responded, "Well, when I exited my vehicle, Mr. Calhoun was already in the woods. When I instructed, yelled, identified myself, and instructed you to come out, you were cooperative and came out." We conclude that Shelley sufficiently identified Appellant as the person he arrested.

Furthermore, even though no witness could identify Appellant as the driver during the pursuit, the record contains evidence that he was the driver. Deputy Cynthia Clements testified that on the previous day, she spoke with Atwood regarding his stolen truck. On the date of the pursuit, Atwood called Clements with information about the truck. He said that a retail store employee had called and told him Joshua Paul Calhoun was there and Atwood's truck was in the parking lot. Clements notified Gray, and they parked their vehicles near State Highway 155 to look for the truck. A short time later, Gray radioed to Clements that he was behind the truck. When the truck passed Clements, she saw a white male in the driver's seat. Clements and Gray engaged in a high speed pursuit of the truck and eventually lost sight of it.

Shelley testified that he heard about the pursuit and responded by going to the area where the abandoned truck was found. Chief Deputy Dan Parker was forming a perimeter to search for the suspect, Joshua Calhoun, who had fled on foot. Parker assigned Shelley a portion of a county road to patrol. About an hour later, Shelley saw someone outside a home where he had seen no people or vehicles previously. When he tried to make contact, the person ran into some heavy brush near the home. The person eventually came out of the brush and identified himself as Joshua Calhoun. He appeared tired and very sweaty, and he had scratches that would indicate he had been running through the woods.

Shelley further testified that he assisted with the processing and search of the truck. Found in the truck were a Kroger receipt containing the current day's date and a time of 8:46 a.m., a

6

Whataburger receipt containing the current day's date and a time of 10:49 a.m., and a check payable to Joshua Calhoun. The pursuit began shortly after 11:00 a.m., about twenty minutes after the time on the Whataburger receipt. Shelley later obtained surveillance videos from the Kroger and Whataburger stores listed in the receipts. Appellant appears in both videos wearing the same clothing that he was wearing when he was arrested. In the Whataburger video, Appellant is seen driving a truck of the same make, model, and year as the stolen truck, and with the same style of wheels and grille guard.

Viewing the evidence in the light most favorable to the jury's verdict, we conclude that a rational jury could have reasonably inferred that Appellant was the driver who evaded the police. Accordingly, we overrule Appellant's ninth issue.


### *GEESA* INSTRUCTION

In Appellant's tenth issue, he argues that the trial court erred by including the *Geesa* definition of "reasonable doubt" in the jury charge.

**Standard of Review**

The review of an alleged jury charge error in a criminal trial is a two-step process. *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). First, an appellate court must determine whether there is error in the jury charge. *Id.* Then, if there is charge error, the court must determine whether there is sufficient harm to require reversal. *Id.* at 731-32. The standard for determining whether there is sufficient harm to require reversal depends on whether the appellant objected to the error at trial. *Id.* at 732.

If the appellant objected to the error, the appellate court must reverse the trial court's judgment if the error "is calculated to injure the rights of the defendant." TEX. CODE CRIM. PROC. ANN. art. 36.19 (West 2006). This means no more than that there must be some harm to the accused from the error. *Almanza*, 686 S.W.2d at 171. An appellant who did not raise the error at trial can prevail only if the error is so egregious and created such harm that he has not had a fair and impartial trial. *Id.* "In both situations the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Id.* The record must show that the defendant suffered actual harm, not merely theoretical harm. *Id.* at 174.

**Applicable Law**

In *Geesa v. State*, 820 S.W.2d 154, 162 (Tex. Crim. App. 1991), the court of criminal appeals held that the following definition of reasonable doubt must be submitted to the jury in all criminal cases:

> A "reasonable doubt" is a doubt based on reason and common sense after a careful and impartial consideration of all the evidence in the case. It is the kind of doubt that would make a reasonable person hesitate to act in the most important of his own affairs.
>
> Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

In *Paulson v. State*, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000), the court of criminal appeals overruled this holding and found instead that "the better practice is to give no definition of reasonable doubt at all to the jury." However, the court further held that if the state and the defense agreed to give the *Geesa* instruction to the jury, the trial court's acquiescence to their agreement would not be reversible error. *Id.*

**Analysis**

Here, the trial court submitted the *Geesa* instruction to the jury without objection by the State or the defense. The record is silent as to any possible agreement by the parties to submit the instruction.

On appeal, Appellant argues that the trial court erred by submitting the instruction, and that he was egregiously harmed by the error. The State argues that the error, if any, is harmless because the evidence of guilt is overwhelming and the charge otherwise properly instructed the jury on the burden of proof and the presumption of innocence.

Even if we were to assume that the instruction was submitted in error, such error is not reversible in this case. Based on our review of the record of the trial as a whole, we cannot conclude that Appellant was egregiously harmed by the submission of the *Geesa* instruction. *See Almanza*, 686 S.W.2d at 171. Accordingly, we overrule Appellant's tenth issue.

## MOTION FOR MISTRIAL

In Appellant's eleventh issue, he argues that the trial court erred by denying his motion for mistrial without first interviewing certain jurors.

**Standard of Review and Applicable Law**

A trial court's denial of a mistrial is reviewed under an abuse of discretion standard, and its ruling must be upheld if it was within the zone of reasonable disagreement. *Coble v. State*, 330 S.W.3d 253, 292 (Tex. Crim. App. 2010). Mistrial is an extreme and exceedingly uncommon remedy that is appropriate only when it is apparent that an objectionable event at trial is so emotionally inflammatory that curative instructions are not likely to prevent the jury from being unfairly prejudiced against the defendant. *Id.* Whether a particular error calls for a mistrial depends on the peculiar facts and circumstances of the case. *Hernandez v. State*, 805 S.W.2d 409, 413 (Tex. Crim. App. 1990).

Requiring an accused person to wear handcuffs before the jury infringes his constitutional presumption of innocence. *Clark v. State*, 717 S.W.2d 910, 918 (Tex. Crim. App. 1986). All efforts should be maintained to see that this does not occur unless there is a showing of exceptional circumstances or a manifest need for such restraint. *Id.* at 918-19. A momentary, inadvertent, and fortuitous encounter away from the courtroom between a handcuffed accused and one or more of the jurors does not necessarily call for a mistrial or reversal. *Id.* at 919. An appellant must make an affirmative showing of prejudice from such an encounter to be entitled to a reversal. *Swanson v. State*, 722 S.W.2d 158, 163 (Tex. App.–Houston [14th Dist.] 1986, pet. ref'd). The prejudice arising from an inadvertent glimpse of a handcuffed defendant may be cured by a proper instruction. *Id.*

**Analysis**

On the second day of trial, the following exchange occurred:

> APPELLANT: I would like to make a statement that this morning, during the process of me being brought over here, I was held out front with three jurors that came by and witnessed me in the back of the police car. The last three jurors, two females and a male.
> . . . .
>
> TRIAL COURT: Well, see, if I ask the jury about it, then they know that you are in custody and they know that you were brought over here in a sheriff's vehicle.
>
> APPELLANT: That's why I brought it up to you without them present, sir.
>
> TRIAL COURT: It's possible that they were not really even looking at you. It's possible, if they looked at you, they didn't realize it was you. And I think that the best thing to do is to just let it lie.
> . . . .
>
> APPELLANT: I would like to make an oral motion of a mistrial based on those facts.
>
> TRIAL COURT: Okay. The motion is denied.

On appeal, Appellant argues that the trial court denied him the opportunity to ask the three jurors whether they had seen him anywhere outside the courtroom, and if so, whether that occurrence had prejudiced them against Appellant. He consequently argues that we should reverse his conviction because it is unknown whether the jurors saw him and whether he was deprived of his right to a fair trial.

We do not read the trial court's statements as denying Appellant an opportunity to question the jurors. Appellant did not ask for that opportunity. And his statements to the trial court imply that he did not want one. Appellant directs us to no authority supporting his argument that an interview of the jurors was required when Appellant neither requested nor wanted one. We conclude that the trial court did not abuse its discretion either by failing to interview the jurors or by denying Appellant's motion for mistrial. Accordingly, we overrule Appellant's eleventh issue.

## DISPOSITION

Having sustained Appellant's third issue and overruled his remaining issues, we *affirm* the conviction but *reverse* the portion of the judgment imposing sentence and *remand* the cause to the trial court for a new punishment hearing.[2]

GREG NEELEY
Justice

Opinion delivered September 30, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[2] At the new punishment hearing, the State may once again attempt to prove the enhancement allegation. *See Wood*, 486 S.W.3d at 591 (Keller, P.J., dissenting); *Ex parte Miller*, 330 S.W.3d 610, 625 (Tex. Crim. App. 2009).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

SEPTEMBER 30, 2016

NO. 12-15-00081-CR

JOSHUA PAUL CALHOUN,
Appellant
V.
THE STATE OF TEXAS,
Appellee

Appeal from the 173rd District Court

of Henderson County, Texas (Tr.Ct.No. A-21,464)

THIS CAUSE came to be heard on the oral arguments, appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment be **reversed as to punishment only** and the cause **remanded** to the trial court **for a new punishment hearing** in accordance with the opinion of this court; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*